```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

GAIL EAGLIN and MICHAEL EAGLIN,       )
                                      )
              Plaintiffs,             )
                                      )
         v.                           )    Civil No. 2011-48
                                      )
CASTLE ACQUISITION, INC. d/b/a        )
ELYSIAN BEACH RESORT; WYNDHAM         )
VACATION OWNERSHIP, INC.; and WYNDHAM )
VACATION RESORTS, INC.,               )
                                      )
              Defendants.             )
                                      )

ATTORNEYS:

**Kyle Walker, Esq.**
The Walker Legal Group
St. Croix, VI
   *For the plaintiffs,*

**Benett Chan, Esq.**
Law Offices of Benham & Chan
**G. Alan Teague, Esq.**
Law Offices of G. Alan Teague, P.C.
St. Thomas, VI
   *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

This matter is before the Court on the motion of the defendants to dismiss for failure to state a claim, or, in the alternative, for summary judgment. The plaintiffs oppose the motion.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On April 2, 2009, the plaintiffs, Gail and Michael Eaglin (collectively, the "Eaglins"), arrived in St. Thomas, United States Virgin Islands, for what was to be a nine-day stay. However, shortly after arriving at their hotel, Gail Eaglin allegedly tripped on an "opening in [a] walkway" and fell, breaking her ankle. (Compl. ¶ 16.)

On April 1, 2011, the Eaglins initiated this action. The complaint filed on that date (the "Original Complaint") names as the sole defendant the Sugar Bay Club & Resort Corporation ("Sugar Bay"). The Original Complaint alleges that the Eaglins were business invitees of Sugar Bay, and that the accident occurred on the Sugar Bay premises. The Original Complaint asserts two counts. Count One asserts a claim for negligence. Count Two asserts a claim for loss of consortium.

On April 4, 2011, the Eaglins filed an Amended Complaint that is substantially identical to the Original Complaint.

The Magistrate Judge thereafter observed that the Eaglins had failed to properly allege subject-matter jurisdiction. Specifically, the Eaglins' allegations of diversity of citizenship did not comport with the requirements of Title 28, Section 1332(a)(1). Accordingly, the Magistrate Judge ordered the Eaglins to file an amended complaint with sufficient allegations or else risk dismissal.

In response to the Magistrate Judge's order, on May 6, 2011, the Eaglins filed a Second Amended Complaint. Aside from changes to the jurisdictional allegations, the Second Amended Complaint is substantially identical to the two prior complaints.

On May 9, 2011, the Eaglins withdrew the Second Amended Complaint and then refiled an identical copy of it, with no explanation.

On July 15, 2011, the Eaglins moved to file a Third Amended Complaint. Upon the Magistrate Judge's grant of the motion, the Eaglins filed their Third Amended Complaint. In the Third Amended Complaint, Sugar Bay has been substituted for the present defendants, Castle Acquisition, Inc. d/b/a Elysian Beach Resort; Wyndham Vacation Ownership, Inc; and Wyndham Vacation Resorts, Inc. (collectively, "Wyndham"). The Third Complaint omits any language about the Eaglins being "business invitees." The Third Amended Complaint also now alleges that the accident occurred on the premises of the Elysian Beach Resort.

Wyndham was served with a summons and a copy of the Third Amended Complaint on August 3, 2011. On August 30, 2011, the Eaglins dismissed Sugar Bay from this action.

Wyndham now moves to dismiss the Eaglins' claims as time-barred, or, in the alternative, for summary judgment on the

*Eaglin v. Castle Acquisition, Inc.*
Civil No. 2011-48
Memorandum Opinion
Page 4

ground that Wyndham is not a proper defendant. The Eaglins have filed a timely opposition.

## II. DISCUSSION

### A. Failure to State a Claim

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

"Normally, the statute of limitations is a defense that cannot serve as a basis for granting relief under Rule 12(b)(6)." *Budzash v. Howell Twp.*, 451 F. App'x 106, 109 (3d Cir. 2011) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)). However, the Court of Appeals for the Third Circuit has recognized that "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Id.* (citing *Oshiver*, 38 F.3d at 1384 n.1; *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 291-93 (3d Cir. 2001) (considering the applicability of the

continuing violation doctrine in the context of a 12(b)(6) motion).

## B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of*

*Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

## III. ANALYSIS

### A. Statute of Limitations

Wyndham maintains that the Eaglins claims are barred by the statute of limitations and so should be dismissed.

In the Virgin Islands, a claim in tort must be brought within two years of the date the cause of action accrued. V.I. CODE ANN. tit. 5, § 31(5)(A) ("section 31(5)(A)"). A federal court is to look to "state tolling principles . . . when it is applying a state limitations period." *Vernau v. Vic's Market, Inc.*, 896 F.2d 43, 45 (3d Cir. 1990) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-64 (1975)). In the Virgin Islands, the so-called "discovery rule" acts to "toll[] the statute of limitations when, despite the exercise of due diligence, the injury or its cause is not immediately evident to the victim." *Santiago v. Virgin Islands Hous. Auth.*, Civ. No. 2010-10, 2012 V.I. Supreme LEXIS 57, *27 (V.I. 2012) (citing *Joseph v. Hess Oil*, 867 F.2d 179, 182 (3d Cir. 1989).

Here, there is no serious contention by the Eaglins that the alleged injury was not immediately apparent when it occurred, on April 2, 2009. Thus, as the Eaglins concede, the statutory period expired on April 3, 2011, well prior to the filing of the Third Amended complaint. Instead, the Eaglins

argue that the Third Amended Complaint should relate back to April 1, 2011, the date they filed the Original Complaint.

In the Virgin Islands, an amended complaint that would otherwise be time-barred may relate back to the date of the filing of the original complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) ("Rule 15(c)(1)"); *see also* V.I. Super. Ct. R. 7. Here, section 31(5)(A) does not authorize relation back. *See, e.g.*, *Jones v. L.S. Holdings, Inc.*, Civil. No. ST-06-145 (JSC), 2010 V.I. LEXIS 10, at *4 (V.I. Super. Ct. Feb. 25, 2010). Instead, Virgin Islands courts apply Federal Rule of Civil Procedure 15(c).

Accordingly, the Court must first determine whether the claims asserted in the Third Amended Complaint arose out of the

same occurrence that the Eaglins attempted to set out in the Original Complaint. This evaluation "normally entails a 'search for a common core of operative facts in the two pleadings.' " *Glover v. FDIC*, No. 11-3382, 2012 WL 3834666, at *4 (3d Cir. Sept. 5, 2012) (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). This is more than a "mere" "identity of transaction test," such as the rules governing joinder of claims or parties, however:

> Though not expressly stated, it is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. Thus, only where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed. Conversely, amendments that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously.

*Id.* (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 137, n.3 (1984)) (internal citations and quotation marks omitted).

Wyndham argues that, because the alleged location of the occurrence was changed in the Third Amended Complaint, the requirements of rule 15(c)(1)(B) cannot be satisfied. The Eaglins now allege that Gail Eaglin's injury was sustained at the Elysian Beach Resort, rather than Sugar Bay. However, all the other factual allegations have been unchanged. The Eaglins still allege the same injury--a broken ankle--that it occurred

on the same day--April 2, 2009--and that it occurred in the same manner--by Gail Eaglin stumbling on an "opening" in a walkway. Although the Eaglins originally alleged a different location for the injury, the general factual situation and the legal theory on which they are proceeding has remained unchanged. Thus, the Court finds that the Third Amended Complaint asserts a claim arising out of the same occurrence as the Original Complaint.

The Court's inquiry cannot stop here, however, as the Eaglins Third Amended Complaint also changes the defendant. The Court must therefore first determine whether Wyndham received notice of the action within the time frame contemplated by Federal Rule of Civil Procedure 4(m) ("rule 4(m)"). Fed. R. Civ. P. 15(c)(1)(C)(i). At the outset, the Court notes that Wyndham was not served with process until August 3, 2011, more than 120 days from the date of the filing of the original complaint. Wyndham was thus not served within the time frame contemplated by rule 4(m).

However, the Court of Appeals for the Third Circuit has recognized an exception to the requirements of rule 15(c)(1)(C)(i) "when an originally named party and the party who is sought to be added are represented by the same attorney . . . ." *Singletary v. Pennsylvania Dep't of Corrs.*, 266 F.3d 186, 196 (3d Cir. 2001). The theory behind this exception is that, where representation is shared, "the attorney

is likely to have communicated to the latter party that he may very well be joined in the action." *Id.* "[T]he relevant inquiry is whether notice of the institution of this action can be imputed to the defendant sought to be named within the relevant 120 day period by virtue of the representation he shared with a defendant originally named in the lawsuit." *Garvin v. City of Philadelphia*, 354 F.3d 215, 223 (3d Cir. 2003) (quoting *Singletary*, 266 F.3d 186 at 196) (internal quotation marks omitted).

In *Garvin v. City of Philadelphia*, 354 F.3d 215 (3d Cir. 2003), the plaintiff sued the City of Piladelphia. After the relevant statute of limitations had run and the 120-day period provided for in rule 4(m) had expired, the plaintiff sought to amend the complaint to include four police officers. The plaintiff sought to impute notice to the police officers on the basis that they would be represented by counsel for the City of Philadelphia. The Third Circuit rejected this argument, noting that "the four newly named defendants were not and are not currently represented by the City's attorney." *Id.* at 223. The Court explained that "the applicable test is not whether the new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." *Id.*

Here, by contrast, the Law Offices of Benham & Chan ("Benham & Chan") have represented Sugar Bay in this action since April 25, 2011, well within the 120-day period provided for in rule 4(m). Benham & Chan have also represented Wyndham since it was brought into this case on August 3, 2011. This supports the inference that Wyndham may have been put on notice by virtue of them sharing representation with Sugar Bay within 120 days of the filing of the Original Complaint.

Wyndham attempts to rebut this inference by pointing out that Benham & Chan did not enter an appearance on behalf of Wyndham until August 3, 2011. This fact is immaterial. The key inquiry here is whether the prior defendant--Sugar Bay--was represented by the new defendant's--Wyndham's--current counsel. *See Garvin* 354 F.3d at 223 ("[T]he applicable test is . . . whether the new defendants *are* being represented by the same attorney.") Clearly, there is no dispute on this point. Benham & Chan have not suggested that they did not represent Wyndham in any capacity prior to entering notices of appearances in this action. Accordingly, the Court finds that notice of the action may be imputed to Wyndham within the 120-day period provided for in rule 4(m).

The Court must now inquire whether Wyndham knew or should have known that the action would have been brought against it, but for a mistake in the proper party's identity. "The question

under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of . . . the proper defendant, but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2493 (2010). "The reasonableness of the [plaintiff's] mistake is not itself at issue." *Id.* at 2494. As the Supreme Court has explained:

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.*

Wyndham argues that the Third Amended Complaint should not relate back because the Eaglins did not simply make a mistake, but were completely ignorant of the identity of the proper defendant. However, as the Supreme Court has recently made clear, the proper focus under rule 15(c)(1)(C)(ii) is not what the plaintiff knew or should have known, but what the defendant knew or should have known. Here, Wyndham does not seriously contend that the accident in fact occurred at some place other than the Elysian Beach Resort. Wyndham knew, or should have known, that the Eaglins were guests at the Elysian Beach Resort

in April of 2009. As the Court may impute knowledge of this action to Wyndham, by virtue of counsel shared with Sugar Bay, the Court must thus conclude that Wyndham knew, or should have known, that it was not sued only because of a mistake about the identity of the resort at which Gail Eaglin suffered her accident. Thus, it is not apparent from the face of the pleadings that the Eaglins' claims are time-barred, and the motion to dismiss will accordingly be denied.

**B.    Summary Judgment**

In the same motion in which it seeks dismissal, Wyndham also seeks summary judgment on the ground that none of the three defendants in fact own or operate the Elysian Beach Resort.

The Eaglins allege that Wyndham was negligent, and that as a result of this negligence, Gail Eaglin was injured and Michael Eaglin suffered a loss of consortium. Specifically, the Eaglins allege that Wyndham negligently:

> a. Failed to maintain the walkways located on its premises in a reasonably safe condition;
>
> b. Failed to properly construct its walkway such that there were unsafe openings and spaces in the walkway
>
> c. Failed to warn [the Eaglins] of the dangerous conditions of its walkway
>
> d. Failed to properly illuminate its walkways to prevent accidents;
>
> e. Failed to properly staff the resort;

      f. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

(4th Amend. Compl. ¶ 31.)

"The elements of a negligence suit are well established: duty, breach of duty, causation and damages." *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571 (D.V.I. 2004) (quoting *Gass v. V.I. Tel. Corp.*, 149 F. Supp. 2d 205, 209 (D.V.I. 2001) (quoting *Logan v. Abramson Enters., Inc.*, 30 V.I. 72, 73 (D.V.I. 1994). "A person acts negligently if the person does not exercise reasonable care under all the circumstances." RESTATEMENT (THIRD) OF TORTS § 18. § 18 (2010).[1] A person is liable for negligent failure to warn if that person's "conduct creates a risk of physical or emotional harm [and]: (1) the [person] knows or has reason to know: (a) of that risk; and (b) that those encountering the risk will be unaware of it; and (2) a warning might be effective in reducing the risk of harm." RESTATEMENT (THIRD) TORTS § 18 (2010) ("Section 18"). Even if a warning is given, a person may still be liable for "failing to adopt further precautions . . . if it is foreseeable that despite the warning some harm remains." *Id.* at § 18(b).

---

[1] Under Virgin Islands law, "[t]he rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN., tit. 1, § 4.

The Third Restatement does impose some limits on liability for negligent failure to warn. For example, the harm must be caused by, and a foreseeable result of, the actor's conduct. *See* RESTATEMENT (THIRD) OF TORTS §§ 26, 31. The actor's conduct must be tortious. RESTATEMENT (THIRD) OF TORTS § 29 (2010). Even tortious conduct will only create liability if it is of a type that increases the risk of harm. RESTATEMENT (THIRD) OF TORTS § 30 (2010). Lastly, the Third Restatement permits courts to find there is no duty "when an articulated countervailing principle or policy warrants denying or limiting liability in a particular class of cases . . . ." RESTATEMENT (THIRD) OF TORTS, § 7 (2010).

Although the American Law Institute has not yet adopted any provisions dealing directly with the duties owed by landowners, the Court notes that such special duties are contemplated by tentative drafts of the Third Restatement. *See* RESTATEMENT (THIRD) OF TORTS, Ch. 9 (Tentative Draft). However, these special rules for landowners would not eliminate general liability for risks created by one's conduct. *See id.* (Tentative Draft-Scope Note). Moreover, the tentative drafts recognize an affirmative duty that is created "[w]hen an actor's prior conduct, even though not tortious, creates a continuing risk of physical harm . . . ." RESTATEMENT (THIRD) OF TORTS, § 39 (Tentative Draft). The Restatement is careful to explain that the actor who created such a dangerous condition--not the land possessor--would

ultimately be liable. *See* RESTATEMENT (THIRD) OF TORTS Ch. 9 (Tentative Draft-Scope Note) (discussing how "artificial conditions that were created by someone other than the land possessor" create risks that "are not a result of the conduct of . . . the land possessor[]").

Considering the record before the Court, as well as the applicable law, the Court finds that genuine issues of material fact remain. Accordingly, the motion for summary judgment will be denied.

An appropriate order follows.


                                S_____
                                   **Curtis V. Gómez**
                                     **Chief Judge**