IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GAIL EAGLIN AND MICHAEL EAGLIN,<br><br>                                      Plaintiffs,<br><br>v.<br><br>CASTLE ACQUISITION, INC. d/b/a<br>ELYSIAN BEACH RESORT, WYNDHAM<br>VACATION OWNERSHIP, INC., and<br>WYNDHAM VACATION RESORTS, INC.,<br><br>                                      Defendants. | CASE NO. 2011-48 |

**REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION TO FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT[1]**

Before the Court is plaintiffs' motion to file a fourth amended complaint (ECF 50). Plaintiffs seek to add as defendants the Elysian Beach Resort Timeshare Owners Association, Inc. (the "Association") and Equivest Management Services, Inc. ("EMS"), and to "replace" Castle Acquisition, Inc. d/b/a Elysian Beach Resort with "its successor" Wyndham St. Thomas, Inc. ("WST"; collectively, the Association, EMS and WST are "the Proposed New Defendants"). Motion to Amend, ECF 50, at 1 and 10. For the reasons set forth below, it is recommended that plaintiffs' motion be denied.

---

[1] This motion should properly be for leave to file a fifth amended complaint, because plaintiffs have amended their complaint on four prior occasions. So as not to further confuse the issue, however, the Court will continue to refer to the instant motion as seeking leave to file a fourth amended complaint.

*Eaglin v. Castle Acquisitions, Inc., et al.*
Civil No. 11-48
Page 2

### I. Facts and Procedural Background

On April 1, 2011, plaintiffs filed a complaint against Sugar Bay Club & Resort Corporation ("Sugar Bay").  Plaintiffs alleged that on April 2, 2009, Gail Eaglin fell and broke her ankle on Sugar Bay's premises.  Complaint, ECF 1 at ¶¶ 8, 10 and 18.  On July 15, 2011 (ECF 21), plaintiffs moved to amend the complaint, stating that Eaglin actually fell at the Elysian Beach Resort.  They therefore sought to add as defendants Castle Acquisition, Inc. d/b/a Elysian Beach Resort ("Castle"), Wyndham Vacation Ownership, Inc. ("WVO") and Wyndham Vacation Resorts, Inc. ("WVR"; collectively, Castle, WVO and WVR are "the Current Defendants"), and to "dismiss" Sugar Bay.  The Court granted plaintiffs' motion to amend (ECF 22)[2].

Plaintiffs now move to add the Proposed New Defendants as parties to this action.  Plaintiffs assert that at the time of Gail Eaglin's accident, the Timeshare Owners Association owned, operated and controlled the Elysian Beach Resort (the "Elysian"), that Equivest Management Services managed, operated and maintained the grounds of the Elysian, and that Wyndham St. Thomas, as successor in interest to Castle Acquisition, also managed and operated the Elysian.  Motion for Leave to File Fourth Amended Complaint, ECF 50, at 8 and 10.

### II. Legal Standard –  Fed. R. Civ. P. 15

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

---

[2]  The Current Defendants then moved to dismiss or in the alternative for summary judgment in part on the theory that the action was time-barred, and the amendment adding these defendants did not relate back for statute of limitations purposes.  (ECF 31).   By Memorandum Opinion and Order dated September 28, 2012 (*see* ECF 93, 94; collectively the "Dist. Ct. Op."), the District Court denied the motion.

Case: 3:11-cv-00048-CVG-RM Document #: 101 Filed: 10/16/12 Page 3 of 10

Eaglin v. Castle Acquisitions, Inc., et al.
Civil No. 11-48
Page 3

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178 (1962). "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, "in assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. "Thus, if the proposed amendment is 'frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Boerger v. Commerce Insurance Services*, 2005 U.S. Dist. LEXIS 30239, at *8 (D. N. J. Nov. 28, 2005) (futility of an amendment is one of the factors to consider in denying a motion to amend). An amendment is futile when the claims asserted would be time-barred under the applicable statute of limitations. *See, e.g.*, *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003); *In re NAHC, Inc. Sec. Lit.*, 306 F.3d 1314, 1332 (3d Cir. 2002)). Generally, "under Rule 15, . . . the decision whether to allow a plaintiff to amend the complaint is separate from, and based upon a different standard than, the decision whether the new claim relates back to the original complaint*." Caban-Wheeler v. Elsea, M.D.,* 71 F.3d 837, 840 (11th Cir. 1996).

Plaintiffs seek to add the Proposed New Defendants more than a year after the statute of limitations has run on plaintiffs' claims. Therefore, an analysis of the relation-back principle in the context of the proposed amendment is necessary for purposes of determining if the amendment would be futile. *See Davis v. Twp. Of Paulsboro,* 2005 U.S. Dist. LEXIS 9881, *10 (D.N.J. May 24, 2005)("An amendment adding a claim against a party after the statute of limitations has expired would be 'futile' as being subject to dismissal . . .unless the amendment relates back to the date of filing of the original complaint"). Rule 15(c)(1)(C) of the Federal

Case: 3:11-cv-00048-CVG-RM Document #: 101 Filed: 10/16/12 Page 4 of 10

Eaglin v. Castle Acquisitions, Inc., et al.
Civil No. 11-48
Page 4

Rules of Civil Procedure governs the determination when a plaintiff seeks to add a defendant after the applicable statute of limitations has run on the claim.

Rule 15(c)(1)(C) provides:

(c) RELATION BACK OF AMENDMENTS

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back[3];
(B) the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P 15(c)(1)(C).[4]

**I.    Analysis**

Rule 15(c)(1)(C) thus imposes three conditions that all must be met for a proposed amended complaint to relate back to the date of the filing of the original complaint. *Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186, 194 (3d Cir. 2001). First, the proposed claim against the new party must have arisen from the same conduct, transaction or occurrence as the claims in the original complaint. *Id.* Second, the "newly named party must have received such notice of the institution of the action [within the 120 day period of Rule 4(m)] that the

---

[3] The applicable statute of limitations is found at V.I. CODE ANN. tit. 5, § 31(5)(A). This section does not authorize relation back. *See* Dist. Ct. Op. (ECF 93), at 7.

[4] The Federal Rules of Civil Procedure were restyled in 2007 and the section and subsection designation of the Rules were changed. Former section 15(c)(3) is now Rule 15(c)(1)(C). The text of former Rule 15(c)(3) is virtually identical to that of the current Rule 15(c)(1)(C). Thus, cases decided prior to 2007 refer to Rule 15(c)(3) and cases after 2007 to Rule 15(c)(1)(C).

Case: 3:11-cv-00048-CVG-RM   Document #: 101   Filed: 10/16/12   Page 5 of 10

Eaglin v. Castle Acquisitions, Inc., et al.
Civil No. 11-48
Page 5

party will not be prejudiced in maintaining a defense on the merits." *Id.*, 266 F.3d at 194. Third, "the newly named party must have known, or should have known (again, within 120 days) that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.*

### A. Same Conduct, Transaction, or Occurrence

Plaintiffs allege that the Proposed New Defendants are liable to plaintiffs for Gail Eaglin's injury. In plaintiffs' original complaint, plaintiffs alleged that Gail Eaglin broke her ankle on April 2, 2009, while an invitee at Sugar Bay Resort & Club. In plaintiffs' Third Amended Complaint (ECF 23),[5] plaintiffs allege that Eaglin broke her ankle at Elysian Beach Resort, on the same date and under the same facts and circumstances described in the original complaint. The District Court has determined that the incident alleged in the Third Amended Complaint is the same occurrence as that described in the original complaint. Dist. Ct. Op. (ECF 93), at 9. *See also Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 (3d Cir. 2011)(citation omitted)("a claim need only 'bear[] a logical relationship to' the subject matter of the complaint" to satisfy the "same transaction or occurrence" requirement). Accordingly, plaintiffs have satisfied the first requirement of Rule 15(c)(1)(C).

### B. Notice

Plaintiffs must next establish that the Proposed New Defendants received notice of plaintiffs' action within 120 days of the filing of the original complaint, and that the Proposed New Defendants will not be prejudiced in maintaining a defense on the merits. As indicated,

---

[5] Plaintiffs caption the complaint as the "Second Amended Complaint," although they had amended the complaint on three previous occasions (ECF 2, 10 and 13). Thus, that pleading should have been titled as a Fourth Amended Complaint.

Case: 3:11-cv-00048-CVG-RM Document #: 101 Filed: 10/16/12 Page 6 of 10

Eaglin v. Castle Acquisitions, Inc., et al.
Civil No. 11-48
Page 6

this condition has "two requirements, notice and the absence of prejudice, each of which must be satisfied." [6] *Singletary,* 266 F.3d at 194 (citing *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 458 (3d Cir. 1996)).

Notice may be actual, constructive, or imputed. *Singletary,* 266 F.3d at 195. Notice may be imputed in one of two ways, either through a "shared attorney" or by demonstrating that there is an "identity of interest" between originally named parties and prospective parties. *Id.* at 195-97; *Garvin v. City of Philadelphia*, 354 F.3d 215, 222-27 (3d Cir. 2003). Plaintiffs do not contend that that the Proposed New Defendants received actual or constructive notice. Rather, they contend that notice should be imputed to the Proposed New Defendants either under the identity of interest method or the shared attorney method.

**1. Shared Attorney**

"The shared attorney method . . . is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196. In *Garvin*, the Third Circuit noted that "'the relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the defendant sought to be named] within the relevant 120 day period . . . by virtue of representation [he] shared with a defendant originally named in the lawsuit.'" *Garvin,* 354 F.3d at 223 (quoting *Singletary* 226 F. 3d at 196.)). In *Garvin*, the Third Circuit recognized that

---

[6] The Advisory Committee Notes to the 2007 Amendment of Rule 15 explain that the "[f]ormer Rule 15(c)(3)(A) called for notice of the 'institution' of the action. Rule 15(c)(1)(C)(i) omits the reference to 'institution' as potentially confusing." Fed. R. Civ. P. 15, Advisory Committee Notes (2007 Amendments) (2012). It is further explained that "[w]hat counts is that the party to be brought in has notice of the existence of the action, whether or not the notice includes details as to its institution." *Id*.

Case: 3:11-cv-00048-CVG-RM Document #: 101 Filed: 10/16/12 Page 7 of 10

Eaglin v. Castle Acquisitions, Inc., et al.
Civil No. 11-48
Page 7

> The district court noted that the applicable test "is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." *Id.* Because the district court found that there was no evidence of shared representation between the City and the officers sought to be named in the amended complaint, it declined to impute notice under the shared attorney method. The circumstances of the case support the district court's conclusions.

*Garvin*, 354 F.3d at 223 (emphasis in original).

Plaintiffs contend that notice to the Proposed New Defendants can be imputed under the "shared attorney" method because Bennett Chan, Esq. represented the original defendant, Sugar Bay, and also he represents the Current Defendants; therefore, "[t]he Court should presume from these facts that Attorney Chan likely communicated with the new defendants that they may be added to this action." (Reply (ECF 69) at 6). While the District Court found that Attorney Chan's relationship as counsel to the original defendant, Sugar Bay, and to the Current Defendants was sufficient to satisfy the "shared attorney" method of imputing notice to the Current Defendants (Dist. Ct. Op. (ECF 93), at 11), plaintiffs have presented no evidence whatsoever that Attorney Chan or anyone in his office represents the Proposed New Defendants. Accordingly, there is no "shared attorney" and notice will not be imputed to the Proposed New Defendants based upon the shared attorney method.

**2. Identity of Interest**

In *Singletary*, the Third Circuit adopted the "identity of interest" method for imputing notice under then Rule 15(c)(3). "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary,* 266 F.3d at 199 (citing 6A Charles A. Wright *et al.*, Federal Practice and Procedure § 1499, at 146 (2d ed. 1990)). The Third Circuit noted, however, that there must be "sufficient identity of interest with an

Case: 3:11-cv-00048-CVG-RM Document #: 101 Filed: 10/16/12 Page 8 of 10

Eaglin v. Castle Acquisitions, Inc., et al.
Civil No. 11-48
Page 8

originally named defendant to impute the notice that [the original] defendant received . . . [to the defendant sought to be added]." *Singletary*, 266 F.3d at 199. Thus, under the plain language of *Singletary*, to impute notice to the Proposed New Defendants, plaintiffs must establish that the Proposed New Defendants share an identity of interest in their business relations or other activities with the originally named defendant, Sugar Bay.

Here, however, due to prior amendments, there are -- for lack of a better term -- intervening defendants between the originally named defendant, Sugar Bay, and the Proposed New Defendants. And all defendants other than Sugar Bay were added or are sought to be added after the limitations period has run. The issue then becomes whether the "identify of interest" method of imputing notice can be applied between such successive parties.

The Eaglins contend that notice should be imputed to the Proposed New Defendants because the Proposed New Defendants share an "identity of interest" with the Current Defendants. The Eaglins go to great pains to try to establish a sufficient identity of interest. *See, e.g.* Pltfs' Motion (ECF 50), at 15-16 (WST shares a vice-president with WVO; WST is the successor in interest to the successor in interest (a company called "Equivest St. Thomas") to CAI; WST's predecessor and CAI are subsidiaries of a company that is a subsidiary of WVR; The Association and WST share incorporators and a resident agent; an "inference can be made that the business operations of EMS are closely affiliated with" the successor to CAI).[7]

---

[7] Plaintiffs also described various alleged relationships among the Current and Proposed Defendants in their Supplemental Brief (ECF 80) and Second Supplemental Brief (ECF 91). Plaintiffs attempt to establish the requisite identity of interest through the testimony of the Current Defendants' 30(b)(6) representative, who is employed by WVR. Although the proffered testimony suggests some level of participation of WVR in the operation of the Elysian Beach Resort, and that several of the Proposed New Defendants have a relationship of some type to one another, the evidence offered pertains more to the relationships between the Current Defendants and their ultimate parent Wyndham Worldwide on the one hand, and between some of the Proposed New Defendants and Wyndham Worldwide on the other, rather than demonstrating a clear and direct identity of interest between any of the Current Defendants and any of the Proposed Defendants. Even in what might be deemed the closest case,

On the record presented, the Court cannot conclude that plaintiffs have met their burden of showing that the Current and Proposed Defendants "are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation," within the 120 days following the filing of the complaint. *Garvin,* 354 F.3d at 227. This is especially true when one considers that the Current Defendants themselves are present in this case under a "relation back" analysis by virtue of imputed notice to them during the 120 day post-filing period via shared attorneys. Dist. Ct. Op. (ECF 93), at 11. This Court has found no authority, and none has been identified, that would permit it to conclude that it is permissible to thereafter boot strap imputed notice upon imputed notice, such that the Court should exercise its discretion to allow additional defendants to be added nearly a year after the statute of limitations has run on the plaintiffs' claims.

Plaintiffs must satisfy all three requirements under Rule 15(c)(1)(C) for the proposed fourth amended complaint to relate back to the date of filing of the original complaint. The Court having found that the notice requirement of Rule 15 (c)(1)(C)(i) has not been met, it need not determine if there is actual prejudice or if the final requirement of the Rule is satisfied. Thus, the Court concludes that it would be futile for the Court to grant plaintiffs' motion because the proposed fourth amended complaint will not relate back to the date of filing of the original complaint, and the matter would be deemed to have been brought outside the applicable statute of limitations.

---

between CAI and WST as "successor in interest," the Court notes that there was another entity that existed between CAI and WST, thus rendering their direct relationship even more tenuous.

## **CONCLUSION**

For the foregoing reasons, it is hereby RECOMMENDED that plaintiffs' motion (ECF 50) be DENIED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1)(B); LRCi 72.3.

S\_____
**RUTH MILLER**
United States Magistrate Judge